**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

HOWARD BODDIE, JR.,

      Plaintiff,

vs.                                Civil Action 2:14-cv-2395
                                     Judge Frost

BETH HIGGINBOTHAM, *et al.*,      Magistrate Judge King

      Defendants.

**ORDER and
REPORT AND RECOMMENDATION**

This matter is now before the Court on *Defendants' Motion to Dismiss Plaintiff's Complaint*, ECF 22 ("*Motion to Dismiss*"), *Plaintiff's Contra Motion to Defendant Motion to Dismiss/ and Plaintiff's Motion for the Appointment of Counsel*, ECF 24 ("*Memo. Contra*"), and plaintiff's motion to appoint counsel, ECF 24 ("*Motion to Appoint Counsel*"). For the reasons that follow, it is **RECOMMENDED** that the *Motion to Dismiss* be **GRANTED.** Plaintiff's *Motion to Appoint Counsel* is **DENIED.**

**I.**    ***MOTION TO DISMISS***

Plaintiff, currently incarcerated in the Chillicothe Correctional Institution ("CCI"), filed the original *Complaint*, ECF 3, on December 1, 2014. In the initial screen of the *Complaint*, the undersigned concluded that the case may proceed on plaintiff's claims under 42 U.S.C. § 1983 alleging the denial of medical care in contravention of plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution. *Initial Screen of the Complaint*, ECF 4.

1

On June 1, 2015, the Court granted plaintiff's motion for leave to amend the *Complaint* in order to eliminate the exhibits attached to the original *Complaint*. *Order*, ECF 11.  The *Amended Complaint*, ECF 12, which is therefore identical to the original *Complaint* except for the deletion of the exhibits, names several defendants, including Beth Higginbotham, Abid Rana, Norman Robinson, Corby Free, and Dr. Akhtar (collectively, "the moving defendants").[1]  The moving defendants have now filed the *Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Court should dismiss the *Amended Complaint*[2] for failure to state a claim because it does not contain a short and plain statement of plaintiff's claims as required by Fed. R. Civ. P. 8(a)(2) and because the claims are untimely.  *See generally Motion to Dismiss*.  Plaintiff has opposed the *Motion to Dismiss*, *see Memo. Contra*, and defendants have not filed a reply memorandum.

    **A.**    **Standard**

In order to state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P.

---

[1] The docket reflects that the summonses were returned unexecuted as to defendants Alice Ault, Dr. Gujral, and G. Krisher, with letters advising that these defendants are "no longer employed by ODRC."  *See* ECF 16, 18, 19.  The summons was returned unexecuted as to Andrew Eddy, with a letter advising that he "is not employed by Chillicothe Correctional Institution."  ECF 17.  A summons was issued as to defendant "Co Parks" on June 1, 2015, ECF 13, but the docket does not reflect that the summons was returned.

[2] The *Motion to Dismiss* refers specifically to the "complaint."  *See Motion to Dismiss*, pp. 1-2.  However, as discussed *supra*, the original *Complaint* and the *Amended Complaint* are identical except for that the exhibits attached to the original *Complaint* are not attached to the *Amended Complaint*.  Moreover, the moving defendants filed the *Motion to Dismiss* after plaintiff filed the *Amended Complaint*.  For these reasons, the Court construes the *Motion to Dismiss* as addressing the *Amended Complaint*.

2

8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original). Although a pleading need not provide "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, a court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr, 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749

3

(S.D. Ohio 1998) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

**B.  Discussion**

The moving defendants argue that the *Amended Complaint* does not meet the requirements of Rule 8(a)(2) and that, in any event, the claims asserted by plaintiff are untimely.  *Motion to Dismiss*, pp. 2-6.  Plaintiff alleges the following, recounted here *verbatim*:

> Plaintiff submits that as early as July 29, 2010 that he was denied adequate medical treatment because of the very long, unnecessary delay in me being allowed to see a doctor here at Chillicothe Correctional Institutions Medical, due to the careless indifference displayed by unqualified nurses associate (proven to be unqualified) during that particular period.
>
> My medical needs were suppose to be address by a orthophedic specialist, not a nurses aid.
>
> On September 9, 2011 I spoke to than (deputy warden Mr. Robinson) about my having severe chest pain and that I was being denied adequate treatment.  (Mr. Robinson) directed me to contact Mrs. Alice Ault, who was then Medical Director I complained to her about my negligent medical treatment and explained to her about doctors at OSU Medical Emergency and C.C.I. started the problem due to the chronic use of Motrin and Naposen which caused my stomach lining to become damaged, and that these contra indicated drugs that were administered caused chest pains along with a sever damage even my left shoulder, sending nerve impulses to the chest and heart.
>
> On or about August 24, 2011 I was rushed to OSU and a heart catherization was performed, returning to C.C.I. in pain.  (C.C.I. Medical Director Mrs. Ault) stated that she would not issue me any pain medication, this was done because I spoke to the Warden about her in her presence.
>
> Since that time I have had all my medical needs ignored.  The following named defendant's conspired to deliberately deny plaintiff proper medical care, with the agenda of saving (DRC) medical cost, this violates the plaintiff's universal Declaration of Human Rights (Articles 1, 2, 3) (and 5).

4

> Even as late as October 29, 2014 plaintiff was told by the medical [illegible] that they would not issue Plaintiff any pain medication, but would issue him (psych meds) which is being prescribed for (pain purposes) by the medical department.  This information was told to me by Dr. Akhtar. Health care administrator Mrs. Beth Higginbotham refuses to proform her duties.  Again the following named defendant's are being sued in thier individual capacity because they were acting outside the scope of their official duties, for the sum requested in plaintiff's prayer for relief.  Each defendant also are being sued in their official capacity.
>
> 1.) Ms. Alice Ault (former Health Care Administrator
> 2.) Ms. Beth Higginbotham (current Health Care Administrator
> 3.) Dr. Andrew Eddy, Medical Service Administrator
> 4.) Dr. G. Krishner former medical director
> 5.) Dr. Gujral
> 6.) Dr. Rana
> 7.) CO Parks,
> 8.) Dr. Akhtar Medical Director
>
> **There is but one act committed by each defendant and that's the deliberate failure to administer proper health care, and attention to plaintiff's medical needs constituting cruel and unusual punishment. (If a more definite statement is required for each defendant's actions involved in this matter) ** Plaintiff reserves his right to amend his complaint to meet said requirement.

*Amended Complaint*, pp. 6-7.[3]  The moving defendants argue that the *Amended Complaint* fails to state any claim whatsoever against at least certain defendants, that claims arising outside the applicable statute of limitations are untimely and that the reference to claims arising "as late as October 29, 2014," do not give fair notice of plaintiff's claims because, *inter alia*, the allegations fail to identify who denied plaintiff his desired pain medication or why the denial constituted an Eighth Amendment violation. *Motion to Dismiss*, pp. 3-

---

[3] The Court refers to the Clerk's pagination appearing at the top of each page of the *Amended Complaint*.

5

6.  This Court agrees.

The *Amended Complaint* contains no factual allegations whatsoever against defendants Abid Rana and Corby Free, let alone facts sufficient to state a colorable claim against them.  Plaintiff alleges that defendant Beth Higginbotham "refuses to perform her duties," but this conclusory allegation does not explain what those duties are, how this defendant failed to perform those duties, or why such failure to perform them violates plaintiff's rights under the Eighth Amendment. The *Amended Complaint* alleges that defendant Norman Robinson "directed [plaintiff] to contact the medical director" and that defendant Dr. Akhtar told plaintiff that some unknown person or entity "would not issue Plaintiff any pain medication, but would issue him (psych meds) which is being prescribed for (pain purposes) by the medical department;" however, the *Amended Complaint* is devoid of any facts sufficient to state a colorable claim against these defendants. Although plaintiff appears to assert new factual allegations against the moving defendants in opposing the *Motion to Dismiss*, *see*, *e.g.*, *Memo. Contra*, pp. 6-7, 9-10, the *Amended Complaint* does not include these allegations.

Moreover, many of these new allegations and the allegations in the *Amended Complaint* refer to events that are untimely.  Claims that arise in Ohio under 42 U.S.C. § 1983 must be initiated within two (2) years of the time the cause of action accrues.  *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*).  In general, a civil rights claim for relief accrues when the plaintiff knows of or

6

has reason to know of the injury that is the basis of the action. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff signed the original *Complaint* on December 1, 2014; that is therefore the earliest date on which this case may be regarded as having been filed. *See Houston v. Lack*, 487 U.S. 266 (1988) (providing that a prisoner filing is regarded as filed as of the time it is deposited in the prison mailbox). Events that are alleged to have arisen before December 1, 2012 would therefore ordinarily be untimely. Most of plaintiff's specific allegations relate to events that are alleged to have occurred in 2010 and 2011.

It is true that plaintiff also alleges that "all my medical needs" have been ignored since approximately August 24, 2011, when he "spoke to the Warden about [defendant Ault] in her presence." *Amended Complaint*, p. 7. Construing this allegation liberally, *see Haines*, 404 U.S. at 520, the Court understands plaintiff to argue that his claims arise out of a continuing course of misconduct.

The continuing violation doctrine is a narrow exception to the ordinary rule that a statute of limitations begins to run at the time the alleged misconduct occurred. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379 (1982); *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). However, the doctrine is "rarely" applied to § 1983 actions.

7

*Sharpe*, 319 F.3d at 267. The United States Court of Appeals for the Sixth Circuit has that merely alleging serial violations will not serve to save otherwise untimely claims. referred to two possible categories of continuing violations: those alleging serial violations and those identified with one longstanding and demonstrable policy of discrimination. *Id*. at 266 (citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). Where the claims are based on a longstanding and demonstrable policy of misconduct, a plaintiff must allege (and ultimately establish) something more than the mere existence of mistreatment. *Id.* at 268.

Some of the claims asserted in this action arise out of events that are alleged to have occurred more than two years prior to the execution of the *Complaint* on December 1, 2014. *See*, *e.g.*, *Amended Complaint*, pp. 6-7 (identifying, *inter alia*, incidents occurring on or around July 29, 2010, September 9, 2011, and August 24, 2011). The facts underlying this series of alleged events occurred more than two years prior to December 1, 2014, and plaintiff's claims arising out of those alleged events were known or should have been known to him at the time they occurred. Because plaintiff waited more than two years after those events to initiate this action, his claims based on those events are untimely. *See Sharpe*, 319 F.3d at 266.

Furthermore, the *Amended Complaint* does not allege a policy of misconduct. Although plaintiff alleges that all of his medical needs have been ignored since 2011, he also alleges that medical personnel at CCI "would issue [plaintiff] (psych meds) which is being prescribed

8

for (pain purposes) by the medical department." At most, this allegation appears to reflect only a dispute between plaintiff and medical personnel over the course of medical treatment – *i.e.,* a dispute that does not give rise to a cause of action under §1983. *See Young v. Gray*, 560 F.2d 201 (5th Cir. 1977). Accordingly, the *Amended Complaint* fails to assert timely claims for relief and the continuing violation doctrine will not serve to salvage those claims.

In short, the *Motion to Dismiss* is well-taken.

## II.  *MOTION TO APPOINT COUNSEL*

Plaintiff has also asked that the Court appoint counsel.  This Court previously denied plaintiff's motions for appointment of counsel.  *Order*, ECF 20; *Order*, ECF 25.  Because the *Motion to Dismiss* is meritorious, plaintiff's most recent *Motion to Appoint Counsel*, ECF 24, is **DENIED**.

**WHEREUPON**, it is **RECOMMENDED** that *Defendants' Motion to Dismiss Plaintiff's Complaint*, ECF 22, be **GRANTED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


September 17, 2015                         *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge