UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD BODDIE, JR.,

    Plaintiff,

  v.

BETH HIGGINBOTHAM, et al.,

    Defendants.

Case No. 2:14-cv-2395
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court for consideration of the Magistrate Judge's September 17, 2015 Order and Report and Recommendation ("R&R") (ECF No. 26), Plaintiff's objections thereto (ECF No. 29), and Plaintiff's supplemental filing in support of his objections (ECF Nos. 31-1 and 35). For the reasons that follow, the Court **OVERRULES** the objections and **AFFIRMS AND ADOPTS** the R&R.

**I.    BACKGROUND**

The facts of this case are set forth in more detail in the R&R. For ease of reference, the Court summarizes the relevant background facts below.

Plaintiff is incarcerated at Chillicothe Correction Institution ("CCI"). On December 1, 2014, Plaintiff filed a complaint requesting a declaratory judgment and an injunction due to the denial of adequate medical care. Specifically, Plaintiff alleged that he is injured, that he needs to be seen by an outside doctor, and that Defendants are improperly preventing him from receiving

1

that outside treatment.  Plaintiff attached to his complaint several exhibits reflecting the internal grievances he has filed and actions he has taken to attempt to remedy the situation.

The Magistrate Judge performed an initial screen of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  In that initial screen, the Magistrate Judge concluded that Plaintiff could proceed on his claims under 42 U.S.C. § 1983 for the denial of adequate medical care in contravention of Plaintiff's Eighth and Fourteenth Amendment rights.  The Magistrate Judge subsequently granted Plaintiff's motion to eliminate the exhibits to his complaint so that he could effect service on Defendants.

Defendants filed the motion to dismiss that currently is before the Court.  In this motion, Defendants argue, *inter alia*, that Plaintiff complains of actions taken in 2011, which are outside § 1983's statute of limitations.  Defendants argue that Plaintiff's allegations regarding the ongoing denial of medical care after the year 2011 are vague and do not attribute any specific misconduct to individual defendants.

Plaintiff opposed the motion.  Simultaneously with his memorandum in opposition to Defendants' motion, Plaintiff filed a motion to appoint counsel.

The Magistrate Judge agreed with Defendants.  In the R&R, the Magistrate Judge denied Plaintiff's motion to appoint counsel and recommended that the Court grant Defendants' motion to dismiss.  The Magistrate Judge found that the complaint contains no allegations whatsoever against certain defendants, that the specific misconduct took place in 2011 such that it falls outside § 1983's statute of limitations, and that the remaining allegations were too vague to invoke the continuing violation doctrine.

Plaintiff objects to these recommendations. In doing so, however, Plaintiff does not identify any specific portion of the R&R to which he asserts error by the Magistrate Judge. The Court will address below the objections it can discern from Plaintiff's filing.

**II.    ANALYSIS**

A.  Recommendation to Grant the Motion to Dismiss

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court notes that the objecting party must identify specific portions of the Magistrate Judge's recommendation to which objection is made. A general argument that the Magistrate Judge erred "has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Here, the Magistrate Judge correctly set forth the standard by which courts analyze § 1983's statute of limitations:

> Claims that arise in Ohio under 42 U.S.C. § 1983 must be initiated within two (2) years of the time the cause of action accrues. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*). In general, a civil rights claim for relief accrues when the plaintiff knows of or has reason to know of the injury that is the basis of the action. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

3

(ECF No. 26, at PAGEID # 490–91.)  The Magistrate Judge noted that, because Plaintiff signed the original complaint on December 1, 2014, events alleged to have taken place before December 1, 2012 would be untimely.

The Court agrees with the Magistrate Judge that the events alleged with specificity in this case took place in 2011.  The Court further agrees with the Magistrate Judge that Plaintiff's theory of relief in this case appears to be that Defendants have engaged in a continuing course of misconduct.  The Magistrate Judge set forth the standard under which courts analyze the continuing violation doctrine:

> The continuing violation doctrine is a narrow exception to the ordinary rule that a statute of limitations begins to run at the time the alleged misconduct occurred. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). However, the doctrine is "rarely" applied to § 1983 actions.  *Sharpe*, 319 F.3d at 267. The United States Court of Appeals for the Sixth Circuit has that merely alleging serial violations will not serve to save otherwise untimely claims. [Sic] referred to two possible categories of continuing violations: those alleging serial violations and those identified with one longstanding and demonstrable policy of discrimination.  *Id*. at 266 (citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). Where the claims are based on a longstanding and demonstrable policy of misconduct, a plaintiff must allege (and ultimately establish) something more than the mere existence of mistreatment.  *Id*. at 268.

(ECF No. 26, at PAGEID # 491–92.)  Because Plaintiff does not purport to allege a policy of misconduct, and because Plaintiff does not allege a series of specific violations against specific Defendants, the Magistrate Judge found that the continuing violation doctrine does not apply in this case.

Plaintiff objects to the Magistrate Judge's conclusions.  First, Plaintiff appears to suggest that the Magistrate Judge erred by previously "eliminat[ing] 23 exhibits" from his complaint.

4

(ECF No. 29, at PAGEID # 500.) But Plaintiff requested this action so that he could serve the named Defendants. The Court finds no error by the Magistrate Judge in this regard.

Plaintiff next suggests that the Magistrate Judge erred by converting his claims from a claim for declaratory judgment and for an injunction into claims arising under § 1983. But the Magistrate Judge construed Plaintiff's complaint liberally in order to discern a potentially viable claim for relief. Plaintiff does not attempt to explain why a claim for declaratory judgment and for an injunction would survive when the § 1983 claim would not. Moreover, Plaintiff repeatedly states throughout his objections that Defendants' actions constitute cruel and unusual punishment and deliberate indifference to his serious medical needs, thereby suggesting that § 1983 is the proper vehicle through which to analyze his claims. The Court accordingly finds this objection—to the extent it can be construed as one—to be without merit.

Plaintiff next argues that he reserved the right in his original complaint to amend the same if a more definite statement is required for each defendant's involvement in the alleged misconduct. Plaintiff adds that, as a *pro se* litigant, he is entitled to a liberal reading of the complaint. Although the Court acknowledges this proposition of law, however, it does not save Plaintiff's claims in this case. Even *pro se* litigants are not excused from Federal Rule of Civil Procedure 8's requirement that the complaint set forth a short and plain statement of the facts that provides each defendant fair notice of the claims against him or her and the grounds upon which they rest. *See, e.g., Gueye v. U.C. Health*, No. 1:13-cv-673, 2014 WL 4984173, at *5 (S.D. Ohio Oct. 6, 2014). A general statement in a complaint that the plaintiff reserves the right to amend cannot save the complaint from dismissal if it fails to state a claim. *Cf. PR Diamonds,*

5

*Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) ("Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." (quoting *Begala v. PNC Bank*, 214 F.3d 776, 783–84 (6th Cir. 2000)).

Plaintiff next requests that the Court "revisit his Memo Contra" to Defendants' motion to dismiss. (ECF No. 29, at PAGEID # 502.) Such a request is akin to a general statement that the Magistrate Judge erred, which is of no legal consequence. *See Howard*, 932 F.2d at 509.

Plaintiff also rehashes several of the allegations in his complaint and states that he is in imminent danger due to a medical condition that is not being treated. To the extent these assertions were not clearly stated in the complaint, however, they cannot save the complaint from dismissal. *Cf. In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 842 (S.D. Ohio 2012) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Plaintiff himself acknowledges this point. *See* ECF No. 29, at PAGEID # 505 ("Generally, the Court need not allow additional fact [sic] to supplement a pro se complaint in an Objection to a Magistrate's Report and Recommendation."). Even if the Court could consider these additional allegations, however, it notes that Plaintiff still fails to attribute any misconduct to specific defendants. Plaintiff's general statements that Defendants are preventing him from receiving treatment for a life-threatening medical condition, that he has suffered certain injuries and has been forced to perform certain actions despite his injuries, and that Defendants are retaliating

6

against him for filing grievances are too vague to state a § 1983 claim against any individual Defendant.

For his final argument, Plaintiff states that "race is a major factor in this case and the Court can definitely determine this by taking notice of Plaintiff's Statement of Facts." (ECF No. 29, at PAGEID # 511.)  Plaintiff adds that "his claim is also based on a pattern or practice of discrimination by Defendants, rather than a series of discrete, individually ascertainable acts," (*id*. at PAGEID# 512), such that the continuing violation doctrine applies.  But Plaintiff does not identify with specificity any policy or series of specific acts that would invoke the continuing violation doctrine.  Plaintiff likewise did not allege a discrimination claim in his complaint.

In short, the Court finds no reason to modify or set aside the Magistrate Judge's recommendation on Defendants' motion to dismiss.  The Court accordingly finds Plaintiff's objections to the R&R to be without merit.

### B.  Motion to Appoint Counsel

Because Plaintiff's motion to appoint counsel is a non-dispositive matter, the Magistrate Judge properly ruled on the same.  *See* Fed. R. Civ. P. 72(a).  Plaintiff fails to identify any part of the order that is clearly erroneous or contrary to law.  The Court accordingly denies Plaintiff's request for the appointment of counsel contained within his objections to the R&R.

### III.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 29), **AFFIRMS AND ADOPTS** the R&R (ECF No. 26), and **GRANTS** Defendants' motion to dismiss (ECF No. 22).  The Clerk is **DIRECTED** to enter judgment accordingly and terminate

this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

The Court hereby **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Opinion and Order is not taken in good faith.

**IT IS SO ORDERED**.

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**
