UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD BODDIE, JR.,**

    **Plaintiff,**

    v.

**BETH HIGGINBOTHAM, et al.,**

    **Defendants.**

Case No. 2:14-cv-2395
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## ORDER

This matter is before the Court for consideration of Plaintiff's motion for reconsideration of the Court's February 12, 2016 Order adopting the Magistrate Judge's report and recommendation ("R&R") that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 38).  A motion for reconsideration will not be granted unless the plaintiff can show: (1) an intervening change of controlling law, (2) new evidence available, or (3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

Here, Plaintiff invokes the third prong of this test.  Plaintiff argues that the case should not have been dismissed on statute of limitations grounds because he previously filed a similar lawsuit in state court in 2012 that was dismissed when Plaintiff failed to file the necessary account statement.  Plaintiff asserts that the statute of limitations was tolled during this time

1

under the continuing violation doctrine.

The Magistrate Judge addressed Plaintiff's arguments regarding the continuing violation doctrine in the R&R.  The Magistrate Judge found that the doctrine did not apply to the facts of this case because Plaintiff did not allege a policy of misconduct and/or a series of specific violations against specific Defendants.

Plaintiff did not specifically object to this conclusion in his objections to the R&R.  Plaintiff accordingly waived the right to challenge that conclusion now.  Even if he had not waived that right, however, Plaintiff does not identify a policy of misconduct and/or a series of specific violations against specific Defendants sufficient to invoke the continuing violation doctrine.  The fact that Plaintiff filed a previous lawsuit in state court does not change this fact.  Accordingly, there exists no need to correct a clear error or prevent manifest injustice.

The Court addressed in its February 12, 2016 Order the additional arguments Plaintiff raises in his motion for reconsideration, such as the argument that the Magistrate Judge erred by converting Plaintiff's claims from claims for declaratory judgment and for an injunction into claims arising under § 1983.  Plaintiff's arguments on this point—which essentially rehash the arguments he made to the Magistrate Judge—do not identify any clear error or manifest injustice.  Plaintiff's duplicative request that the Court hold his *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers fails for this same reason.

Plaintiff fails to demonstrate that reconsideration of the Court's February 12, 2016 Opinion and Order is warranted.  The Court **DENIES** Plaintiff's motion for reconsideration.

(ECF No. 38.) The Court hereby **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order is not taken in good faith.

    **IT IS SO ORDERED**.

                                            **/s/ Gregory L. Frost**
                                            **GREGORY L. FROST**
                                            **UNITED STATES DISTRICT JUDGE**